IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALE DANA, | : | 4:14-CV-01861 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| BAKER HUGHES, INC. | : | |
| | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

April 28, 2015

The Plaintiff, Dale Dana, commenced this action against the Defendant, Baker Hughes, Inc., alleging violations of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794; the Fair Labor Standards Act of 1938 ( "FLSA"), 29 U.S.C. § 201 *et seq*.; and the Pennsylvania Minimum Wage Act of 1968 ( "PMWA"), 43 P.S. § 333.101 *et seq*. ECF No. 1. In response, Defendant filed a motion to dismiss or in the alternative, a motion for summary judgment. ECF No. 5. In Plaintiff's brief in opposition to the motion to dismiss, Plaintiff requests leave to amend the complaint to correct any deficiencies should the Court grant the motion to dismiss. ECF No. 13.

1

## I. FACTUAL BACKGROUND

Plaintiff was employed by the Defendant as a "Repair and Maintenance Manager." ECF No.1 at 2. In February 2013, Plaintiff aggravated his chronic degenerative knee condition while at home and informed the Defendant of his condition. *Id.* Plaintiff sought medical attention and was placed on short term disability shortly thereafter. *Id.*

Plaintiff alleges that from February 21 through to July 22, 2013, while on short term disability leave, he worked approximately 20-30 hours per week from home but the Defendant failed to compensate him accordingly. *Id.* Plaintiff alleges that he created work schedules, approved invoices, checked expense reports, prepared and responded to emails, and assisted with the hiring of shop employees." *Id.* at 3. Plaintiff further alleges that Defendant was aware he was working from home and enjoyed the benefit of this work without the requisite compensation. *Id.*

Plaintiff avers that on or about July 22, 2013, he was copied on an email to other employees, informing them to no longer contact Plaintiff as their manager. *Id.* On or about July 22, 2013, Plaintiff alleges that his physician released him back to work with some restrictions. *Id.* Plaintiff informed Defendant of these restrictions and requested that he be permitted to work with reasonable accommodations. *Id.* at 4. Plaintiff alleges that he had previously worked successfully for Defendant under

identical medical restrictions. *Id.* Plaintiff then alleges that his supervisor informed him that in order to return to work, he needed a release without restrictions. On or about August 19, 2013, Plaintiff's physician released him to work with fewer restrictions than those placed on him in July. *Id.* Plaintiff informed Defendant of these new, reduced restrictions and requested that he be permitted to return to work with reasonable accommodations. Plaintiff alleges that, again, his request would not have affected his job performance and that he had previously worked for Defendant under identical medical restrictions. Plaintiff's request to return to work was denied and his employment terminated on or about September 25, 2013.

## II. STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal citations omitted). In ruling on such a motion, the court primarily considers

the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. *Kost*, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-664.

"In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading." *Hellmann v. Kercher*, 2008 U.S. Dist. LEXIS 54882, *4, 2008 WL 1969311 (W.D. Pa. May 5, 2008) (Lancaster, J.). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" *Twombly*, 127 S.Ct. at 1964 (citing *Conley v. Gibson*, 355 U.S. 41, 47,

78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. *Hellmann*, 2008 WL 1969311 at *3. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *Twombly*, 127 S.Ct. at 1965. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "shown"-- "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679, *citing* Fed. R. Civ. P. 8(a).  The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and fact finding." *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." *Id*. at 326.  If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* at 327.

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, *Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 252 (3d Cir.2007)*; Grayson v. Mayview State Hosp.,* 293 F.3d

103, 108 (3d Cir.2002)*; Shane v. Fauver,* 213 F.3d 113, 116–17 (3d Cir.2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker,* 363 F.3d 229, 236 (3d Cir.2004).

### III. DISCUSSION

Plaintiff's complaint asserts three causes of actions. Count I is a claim for violation under section 504 of the Rehabilitation Act. Count II and III are claims for unpaid wages under the FLSA and the PMWA. For the reasons set forth below, all of the Counts will be dismissed without prejudice.

**A. Section 504 of the Rehabilitation Act (Count I)**

The Rehabilitation Act prohibits discrimination on the basis of disability in programs that receive federal financial assistance. 29 U.S.C. § 794. In order to state a claim under section 504 of the Rehabilitation Act, a plaintiff must prove: (1) that he is a "disabled individual" under the Act; (2) that he is "otherwise qualified" for the position sought; (3) that he was excluded from the position sought solely by reason of his disability; and (4) that the program or activity in question receives federal financial assistance. *Strathie v. Dept of Transp.,* 716 F.2d 227, 230 (3d Cir. 1983).

The Plaintiff avers upon information and belief, that the Defendant is a recipient of federal funding and provides no other facts to support this allegation. ECF No.1,

5. As a result, Defendant contends that Plaintiff has failed to plead sufficient facts that show that the Defendant received federal funds under a program or activity operated by or applying to the Defendant as a whole. ECF No. 9, 5. In response, Plaintiff asserts that without the benefit of discovery he cannot know whether Defendant is actually a recipient of federal funds. ECF No. 13, 5.

Plaintiff's pleadings on the matter are vague and fail to properly allege that Defendant is a recipient of federal financial assistance. Accordingly the Court will grant the Defendant's motion to dismiss Count I without prejudice, and allow Plaintiff leave to amend.

**B. FLSA and PMWA Claims (Counts II and III)**

In counts two and three, Plaintiff alleges that Defendant's failure to compensate him for the hours worked while on short term disability leave violated both the FLSA and PMWA.

The FLSA governs hour and wage practices and requires, among other things, that employers pay covered employees at least a specified minimum wage for work performed and overtime pay for hours worked in excess of forty hours per week. 29 U.S.C. §§ 202, 297. The PMWA operates in a similar fashion and establishes a minimum wage, maximum hour and overtime guarantees for employees. *See* 43 P.S.

§ 333 *et seq.* Both statutes provide aggrieved employees a right of action against employers that violate its provisions. 29 U.S.C. § 216(b); 43 P.S. § 333.113. Employers who violate these provisions are liable to the employee in the amount of their unpaid minimum wage and in certain circumstances, an additional equal amount as liquidated damages. *Id.*

In response, Defendant points out that Plaintiff was compensated through its self-insured short term disability benefits plan. ECF No. 9, 8-9. This plan, Defendant purports, operates as a payroll practice and provides income and wage replacement to employees injured off-the-job. ECF No. 9, 9. Defendant avers that there is no appreciable difference between Plaintiff receiving his salary while working and being at home on STD benefits. *Id.*

Plaintiff readily concedes that he received payment under Defendant's short-term disability benefits plan but nonetheless states that his FLSA and PMWA claims must stand. ECF No. 13, 6-7. Plaintiff alleges that he did not receive wages from the Defendant during that time, and "records in Defendant's possession will show . . . that Defendant knew Plaintiff was working from home while on (unnecessary) short-term disability leave." ECF No. 13, 6. Plaintiff finally admits that his receipt of short term disability benefits may possibly have an impact upon any damages he may be entitled to if this action is successful. *Id.* at 7. Plaintiff does not address Defendant's

assertion that the short term disability benefits plan operates as an income and wage replacement mechanism.

In light of Plaintiff's admission that he received payment under the program, it is unclear from the facts alleged whether these payments were below the federal and state minimum wage of $7.25 an hour. Consequently, it is not evident in Plaintiff's pleadings that the Defendant violated the FLSA and PMWA minimum wage provision. Additionally, by acknowledging that any damages obtained may have to be offset by payments received under the short term disability benefits program, it is uncertain whether Plaintiff is acknowledging that these payments were given in lieu of his regular wages. An award of damages, if any, is calculated based on unpaid minimum wages and possibly, liquidated damages. Plaintiff's admission implies that the short term disability benefits program incorporates the payment of wages in its operations.

Plaintiff's factual allegations, as it stands, are not enough to raise a right of relief above the speculative level. Consequently these two counts are dismissed without prejudice, with leave to amend to correct any shortcomings in the complaint.

## IV. CONCLUSION

For the reasons set forth above, the Court will grant Defendant's motion to

dismiss Plaintiff's complaint without prejudice, allowing Plaintiff leave to amend.

The Plaintiff must file an amended complaint within twenty-one (21) days of the date of the Order which accompanies this memorandum.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge